Pavel Pogodin (206441)
Attorney at Law
617 North Delaware Street
San Mateo, California 94401
Telephone: (650) 954-6857
Fax: (650) 625-8110

Attorney for Plaintiff-Petitioner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAVEL POGODIN,<br><br>       Plaintiff-Petitioner,<br><br>   v.<br><br>DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District; EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ROBERT S. MUELLER III, Director of the Federal Bureau of Investigation; ALBERTO GONZALES, Attorney General of the United States, Defendants-Respondents.<br><br>       Defendants-Respondents. | Case No.<br><br>**PETITION FOR NATURALIZATION HEARING UNDER 8 USC § 1447(B) (STALLED NATURALIZATION APPLICATION) AND APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE** |

## PARTIES

1.  Petitioner is a long time United States permanent resident and a native of Russia who lawfully lived in the United States since his arrival as a graduate student in 1994. Petitioner holds two Master of Science Degrees in physics, a Doctorate Degree in physics and a Juris Doctor (J.D.) degree.

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)   - 1 -   POGODIN V. DAVID STILL ET AL.

2. Petitioner is an attorney and a member of the State Bar of California and Bar of United States Patent and Trademark Office. Petitioner is employed as a partner in a law firm Sughrue Mion, PLLC in Mountain View, California. Petitioner files this petition for naturalization under 8 U.S.C. § 1447(b).

3. Petitioner resides in San Mateo, California.

4. Petitioner was born on August 4, 1971, in Dubna, Moscow Region, Russia. Petitioner's CIS A# is 073-426-966.

5. Respondent David Still is the District Director for the San Francisco District of the Bureau of Citizenship and Immigration Services ("CIS"), U.S. Department of Homeland Security. Mr. Still is responsible for applications for naturalization pending in the San Francisco District. Mr. Still is sued in his official capacity.

6. Respondent Emilio T. Gonzalez is the Director of CIS. Mr. Gonzalez is responsible for the processing and determination of all applications for naturalization submitted to CIS. He is sued in his official capacity.

7. Respondent Michael Chertoff is the U.S. Secretary of Homeland Security, which encompasses CIS. Mr. Chertoff is ultimately responsible for the administration of all immigration and naturalization laws, including the processing and determination of applications for naturalization. He is sued in his official capacity.

8. Respondent Robert S. Mueller III is the Director of the Federal Bureau of Investigation. Mr. Mueller is ultimately responsible for the processing of "name checks" submitted by CIS to the FBI during the naturalization process. Mr. Mueller is sued in his official capacity.

9. Respondent Alberto Gonzales is the Attorney General of the United States. He is the head of the U.S. Department of Justice, which encompasses the FBI. Mr. Gonzales

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)   - 2 -   POGODIN V. DAVID STILL ET AL.

also jointly responsible with Mr. Chertoff for enforcement of immigration laws. Mr. Gonzales is sued in his official capacity.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b) (district court jurisdiction to adjudicate delayed naturalization applications), and 28 U.S.C. §§ 1331 (federal question).

11. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(e). Petitioner sues the Respondents in their official capacities as officers and employees of the United States. A substantial portion of the events giving rise to this Complaint occurred within this District, where the Petitioner's applications for naturalization are pending before the San Francisco District of the CIS. In addition, venue is proper in this District pursuant to 8 U.S.C. § 1447(b), which provides that a petition for de novo review of a naturalization application shall be filed in the district in which the applicant resides. Petitioner resides within this District.

## FACTS

12. Petitioner has become lawful permanent resident of the United States on or about April 23, 2001.

13. On or about February 1, 2006, Petitioner filed an application for naturalization with CIS.

14. On or about November 9, 2006, Petitioner successfully passed a naturalization examination held at San Francisco District Office of CIS.

15. Petitioner meets all of the statutory requirements for naturalization. At the end of his interview, Petitioner was informed that he passed the tests on English and U.S. history and government, but that a decision could not be made on his application because

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)   - 3 -   POGODIN V. DAVID STILL ET AL.

background checks have not been completed.

16. After approximately three months after successfully passing his naturalization examination, Petitioner contacted CIS to inquire about the status of his naturalization application. Petitioner was told that his application was pending for the completion of all necessary background checks.

17. CIS employee contacted by Petitioner as alleged in paragraph 16 has refused to specify a time frame when Petitioner's background checks may be completed.

18. After approximately one month after successfully passing his naturalization examination, Petitioner contacted staff of Hon. Tom Lantos, member of U.S. House of Representatives from California. Pursuant to Petitioner's request, staff of Hon. Tom Lantos has sent a letter to the FBI in or about December 2006, inquiring about the status of Petitioner's background checks.

19. FBI has failed to respond to the inquiry regarding the status of Petitioner's background checks from a member of U.S. House of Representatives as alleged in paragraph 18.

20. In or about March 2007, Petitioner contacted staff of Hon. Dianne Feinstain, member of U.S. Senate from California. Pursuant to Petitioner's request, staff of Hon. Dianne Feinstain has sent a letter to the FBI in or about March 2007, again inquiring about the status of Petitioner's background checks.

21. FBI has failed to respond to the inquiry regarding the status of Petitioner's background checks from a member of U.S. Senate as alleged in paragraph 20.

22. Respondents have failed to adjudicate Petitioner's naturalization application within 120 days after the date of his naturalization examination alleged in paragraph 14.

23. Respondents continue to fail to complete Petitioner's background checks and adjudicate Petitioner's naturalization application.

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)   - 4 -   POGODIN V. DAVID STILL ET AL.

24. Petitioner has successfully passed numerous previous background investigations, including extensive investigation of Petitioner's background and moral character upon Petitioner's admission to the State Bar of California.

25. Petitioner has successfully passed a background check in 2005, administered by California Department of Justice, upon Petitioner's obtaining of a real estate license in California in or about October 2005.

## FIRST CAUSE OF ACTION
## RIGHT TO DE NOVO JUDICIAL DETERMINATION OF APPLICATION FOR NATURALIZATION UNDER 8 U.S.C. § 1447(B)

26. The allegations of paragraphs 1 through 25 above are repeated and incorporated as though fully set forth herein.

27. CIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. § 335.3. Naturalization is not a discretionary benefit, but a right upon satisfaction of statutory requirements.

28. In general, Congress has provided that applications for immigration benefits should be adjudicated within 180 days of the initial filing of the application. 8 U.S.C. § 1571.

29. Petitioner's application for naturalization has been pending without adjudication for more than 520 days after the date of initial filing, as alleged in paragraph 13, in violation of 8 U.S.C. § 1571.

30. CIS must grant or deny a naturalization application at the time of initial examination of applicant by a CIS examiner or, at the latest, within 120 days after the date of the examination. 8 C.F.R. § 335.3. Once an application is granted, the applicant is sworn in as a United States citizen.

31. Petitioner's application for naturalization has been pending without adjudication for more than 240 days after the date of his naturalization examination, as alleged in

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)   - 5 -   POGODIN V. DAVID STILL ET AL.

paragraph 14, in violation of 8 C.F.R. § 335.3.

32. All criminal background checks, including name checks, must be completed before the date of the examination. 8 C.F.R. § 335.2(b). Therefore, any delay in completion of criminal background checks, including name check, is not a good cause for Respondents' failure to adjudicate Petitioner's naturalization application.

33. Section 8 C.F.R. § 335.2(b) refers to background checks and "examination" as separate and distinct events and states that all background checks must be completed before "examination."

34. Section 8 C.F.R. § 335.2(b) clearly indicates that according to government's own interpretation of the law, all the background checks and investigations, including the name check, are separate and distinct from the "examination" within the meaning of 8 C.F.R. § 335.3 and 8 U.S.C. § 1447(b).

35. Because Respondents have failed to adjudicate Petitioner's naturalization application within 120 days after the date of his naturalization examination, as alleged in paragraph 14, Petitioner is entitled to de novo adjudication of his naturalization application by this Court under 8 U.S.C. § 1447(b).

36. This Court should grant Petitioner's naturalization application pursuant to 8 U.S.C. § 1447(b), because Petitioner meets all of the requirements for naturalization under chapter 2 of the Immigration and Nationality Act, 8 U.S.C. § 1421 et seq., and, therefore, has a right to become a naturalized citizen of the United States.

37. Petitioner has suffered and continues to suffer grave prejudice and irreparable harm from the delay of his naturalization. He has been deprived of the substantial and unique rights and duties of U.S. citizenship, including protection of the laws of the United States equal to that of citizens, political rights including the right to vote, the

Pavel Pogodin
Attorney At Law
Silicon Valley

Petition for Judicial Relief Under 8 USC 1447(b)    - 6 -    Pogodin v. David Still et al.

right to enter and remain in the United States, freedom of movement and travel, the right to obtain a U.S. passport, the protection of the U.S. government when outside of the United states, and the right to receive certain governmental and non-governmental benefits, such as tuition assistance and scholarships. Petitioner has been subject to fear, despair and uncertainty engendered by the inability to obtain citizenship, including the inability to travel and to carry out necessary activities out of concern that he will miss a swear-in ceremony, and inability to file visa petitions for immediate relatives as a United States citizen.

## APPLICATION FOR ORDER TO SHOW CAUSE

38. The allegations of paragraphs 1 through 37 above are repeated and incorporated as though fully set forth herein.

39. The harm suffered by Petitioner as alleged in paragraph 37 constitutes irreparable harm.

40. Petitioner continues to suffer such irreparable harm due to Respondent's continued failure to adjudicate Petitioner's naturalization application as required by the law and regulation.

41. Normal delays associated with bringing this case to trial will further exacerbate the irreparable harm already suffered by Petitioner.

42. Petitioner fulfilled all statutory requirements for naturalization and, therefore, is entitled to naturalization as a matter of statutory right.

43. Thus, interests of justice require an Order to Show Cause to be issued as respectfully requested in paragraph 44(b) below.

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)    - 7 -    POGODIN V. DAVID STILL ET AL.

# PRAYER FOR RELIEF

44. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff-Petitioner prays the Honorable Court for the following relief:

   a. Assume and maintain continuing jurisdiction over the matter;

   b. Issue an Order to Show Cause requiring Respondents to show a case why Petitioner should not be naturalized as a citizen of the United States by the Honorable Court or why Petitioner's naturalization application should not be remanded to Respondents with instructions to adjudicate it within 30 days.

   c. Review de novo and grant Petitioner's application for naturalization, pursuant to 8 U.S.C. § 1447(b) and administer the oath of allegiance to Petitioner.

   d. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Respondents to adjudicate Petitioner's application for naturalization within 30 days.

   e. Issue a writ in the nature of mandamus pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Respondents to adjudicate Petitioner's application for naturalization within 30 days.

   f. Remand the Petitioner's naturalization application to Respondents with instructions to adjudicate it within 30 days.

   g. Award Petitioner the costs of the suit; and

   h. Grant any and all further relief this Court deems just and proper.

\\
\\
\\
\\

Pavel Pogodin
Attorney At Law
Silicon Valley

Petition for Judicial Relief Under 8 USC 1447(b)   - 8 -   Pogodin v. David Still et al.

1  Dated: July 9, 2007                    Respectfully Submitted,

2                                          /s/  Pavel Pogodin

3                                          Pavel Pogodin (206441)
                                           Attorney at Law
4                                          617 North Delaware Street
                                           San Mateo, California 94401
5                                          Telephone: (650) 954-6857
                                           ppogodin@gmail.com
6
7                                          Attorney for Plaintiff-Petitioner

PAVEL POGODIN
ATTORNEY AT LAW
SILICON VALLEY

PETITION FOR JUDICIAL RELIEF UNDER 8 USC 1447(B)    - 9 -    POGODIN V. DAVID STILL ET AL.